UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE DALY/KENNEY GROUP, LLC, ANNUAL GRIND, LLC, BIWEEKLY GRIND, LLC, CENTURY GRIND, LLC, DECADE GRIND, LLC, EON GRIND, LLC, FREQUENT GRIND, LLC, FUTURE GRIND, LLC, INFINITY GRIND, LLC, INSTANT GRIND, LLC, MILLENIUM GRIND, LLC, MINUTE GRIND, LLC, MOMENT GRIND, LLC, OURLY GRIND, LLC, SECOND GRIND, LLC, and WEEKLY GRIND, LLC,<br><br>Defendants. | Civ. Action No.<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA")

and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis

of disability and to provide appropriate relief to a class of employees with disabilities who

worked at Defendants' Dunkin' Donuts restaurants and were harmed by these unlawful practices

(collectively, the "Aggrieved Individuals"). Plaintiff United States Equal Employment

Opportunity Commission ("EEOC") alleges that Defendants The Daly/Kenney Group, LLC,

Annual Grind, LLC, BiWeekly Grind, LLC, Century Grind, LLC, Decade Grind, LLC, Eon

Grind, LLC, Frequent Grind, LLC, Future Grind, LLC, Infinity Grind, LLC, Instant Grind, LLC,

Millenium Grind, LLC, Minute Grind, LLC, Moment Grind, LLC, Ourly Grind, LLC, Second

Grind, LLC, and Weekly Grind, LLC (collectively, "Defendants") violated the ADA when they

1

enforced a policy prohibiting employees who work at Defendants' Dunkin' Donuts restaurants from working if they have any actual or perceived medical restrictions since approximately March 2013 ("Defendants' 100% Healed Policy").  Pursuant to this policy, Defendants placed the Aggrieved Individuals on involuntary, unpaid leave; failed to accommodate the Aggrieved Individuals; and/or discharged the Aggrieved Individuals in violation of 42 U.S.C. §§ 12112(a) and (b)(5).  Additionally, Defendants commingled the medical files and personnel files of Aggrieved Individuals who worked at Defendants' Eon Grind, LLC and Moment Grind, LLC Dunkin' Donuts restaurants, in violation of 42 U.S.C. §§ 12112(d)(3)(B)-(C) and (d)(4)(C).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3.      The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendants have continuously been doing business in the State of Massachusetts and the cities of New Bedford and/or Fairhaven.

2

5. At all relevant times, Defendants were owned by the same individuals:  Elizabeth Brulport, Thomas Daly, the Estate of William P. Daly, Jr., and Nader Sidhom.

6. Defendants Annual Grind, LLC, BiWeekly Grind, LLC, Century Grind, LLC, Decade Grind, LLC, Eon Grind, LLC, Frequent Grind, LLC, Future Grind, LLC, Infinity Grind, LLC, Instant Grind, LLC, Millenium Grind, LLC, Minute Grind, LLC, Moment Grind, LLC, Ourly Grind, LLC, Second Grind, LLC, and Weekly Grind, LLC each operate individual Dunkin' Donuts franchise restaurants in New Bedford, Massachusetts or Fairhaven, Massachusetts ("Dunkin' Restaurant Defendants").

7. Defendant The Daly/Kenney Group, LLC is the management company that provides payroll, legal, human resource, and accounting functions for the Dunkin' Restaurant Defendants, and has the authority to hire, fire, and discipline the Dunkin' Restaurant Defendants' employees.

8. For purposes of the ADA, Defendants form a single employer or integrated enterprise.

9. At all relevant times, Defendants have collectively and continuously had at least 201 employees.

10. At all relevant times, each of the Defendants has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

11. At all relevant times, the Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. 12111(2).

ADMINISTRATIVE PROCEDURES

12. More than thirty days prior to the institution of this lawsuit, a charge was filed with the EEOC alleging violations of the ADA by Defendants.

3

13.    On October 22, 2024, the EEOC issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants violated the ADA.

14.    The EEOC invited Defendants to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15.    The EEOC engaged in communications with Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination.

16.    The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

17.    On March 25, 2025, the EEOC issued to Defendants a Notice of Failure of Conciliation.

18.    All conditions precedent to the institution of this lawsuit have been fulfilled.

FACTUAL BACKGROUND

19.    Since approximately March 2013, Defendants have implemented and enforced an unwritten policy that, upon Defendants' notice of an employee's injury or medical issue, requires such employees to provide Defendants with a doctor's note stating that the employee is cleared to work with no restrictions before being permitted to work ("100% Healed Policy").

20.    For example, one Aggrieved Individual requested a reasonable accommodation of not lifting items heavier than fifteen pounds because of her disability.  In approximately early 2022, in response to her request and pursuant to Defendants' 100% Healed Policy, Defendants involuntarily placed her on indefinite, unpaid leave until she could work without any restrictions and provide a doctor's note stating the same.  This Aggrieved Individual never returned to work for Defendants.

21.    The Aggrieved Individuals are disabled under 42 U.S.C. § 12102(1).

4

22.     The Aggrieved Individuals were qualified to perform the essential functions of their jobs with or without reasonable accommodations.

## STATEMENT OF CLAIMS

23.     Since approximately March 2013, Defendants have violated 42 U.S.C. § 12112(a) by placing the Aggrieved Individuals on unpaid leave and/or discharging them because of their disability pursuant to Defendants' 100% Healed Policy.

24.     Since approximately March 2013, Defendants have violated 42 U.S.C. § 12112(b)(5)(A)-(B) by failing to provide the Aggrieved Individuals with reasonable accommodations pursuant to Defendants' 100% Healed Policy.

25.     Defendants violated 42 U.S.C. §§ 12112(d)(3)(B)-(C) and 12112(d)(4)(C) by commingling medical records and personnel files of the Aggrieved Individuals who worked at two of Defendants' Dunkin' Donuts franchisee restaurant locations:  Eon Grind, LLC and Moment Grind, LLC.

26.     Each of the unlawful employment practices complained of above was intentional.

27.     Each of the unlawful employment practices complained of above was done with malice or with reckless indifference to the Aggrieved Individuals' federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully request that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, as defined by the ADA, and which eradicate the effects of their past and present unlawful

5

employment practices.

C.      Order Defendants to make whole the Aggrieved Individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D.      Order Defendants to make whole the Aggrieved Individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained in the foregoing paragraphs, in amounts to be determined at trial.

E.      Order Defendants to make whole the Aggrieved Individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained in the foregoing paragraphs, in amounts to be determined at trial.

F.      Order Defendants to pay the Aggrieved Individuals punitive damages for the intentional, malicious, and/or reckless conduct complained above, in amounts to be determined at trial.

G.      Grant further relief as the Court deems necessary and proper.

H.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Dated:  March 31, 2026                          Respectfully submitted,

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, NE
Washington, D.C. 20507

KIMBERLY A. CRUZ
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5345
kimberly.cruz@eeoc.gov

JUSTIN MULAIRE
Assistant Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Chicago District Office
230 S. Dearborn Street, Suite 2920
Chicago, IL 60304
(312) 872-9666
justin.mulaire@eeoc.gov

/s/ Katie N. Linehan
KATIE N. LINEHAN
Trial Attorney
ALISON BITTERLY
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Boston Area Office
15 New Sudbury Street, Room 475
Boston, MA 02203
(617) 865-3671
katie.linehan@eeoc.gov
(617) 865-3693
alison.bitterly@eeoc.gov

7